**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

Lyle W. Cayce
Clerk

No. 10-50990
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY WATNICK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-190-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeremy Watnick appeals his supervised release revocation and 24-month revocation sentence. He incorrectly asserts that he did not receive notice that he allegedly violated a condition of his supervised release by committing burglary and that, due to the lack of notice, he was unable to amass evidence to mitigate the burglary charge. Notice of the burglary violation was provided by the second amended warrant petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Next Watnick asserts that he was denied due process because the district court did not provide a written statement of reasons for its decision. At the outset of the revocation hearing, Watnick's attorney informed the court that Watnick intended to plead true to the burglary violation. The court admitted Watnick's written, notarized confession to the burglary into the record without objection and relied upon the confession in finding the violation of supervised release.  Watnick never indicated that the confession was invalid.  He fails to show that the district court's failure to provide a statement of reasons affected the outcome of the proceeding or that it affects the fairness, integrity, or public reputation of judicial proceedings.  He thus fails to establish plain error.  *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).

Watnick also alleges that the district court violated his due process rights by sentencing him based upon findings that he committed assault and that he stole drugs, when there was no evidence of those offenses in the record.  The district court simply mentioned the assault and theft in discussing Watnick's problems.  He shows no error, plain or otherwise.

In addition, Watnick contends that the district court erred in calculating the guidelines range based upon a finding that he committed burglary.  He suggests that reliance upon the burglary violation was improper because the prosecutor did not present it during the revocation hearing and that the district court's burglary finding was erroneous because he did not plead true to the burglary during the hearing.  Watnick fails to show that the district court's reliance upon his confession to the burglary was clear or obvious error.  *See Puckett*, 129 S. Ct. at 1429.

Next Watnick contends that his sentence was substantively unreasonable because he was denied due process, the district court erred in calculating the guidelines range, and the court failed to consider the relevant sentencing factors under 18 U.S.C. § 3553(a).  The alleged due process violations and guidelines calculation error are not considered in determining whether a sentence was

substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We reject his claim that the 24-month sentence failed to account for the nature and circumstances of the minor supervised release violations he admitted because the district court also found that he committing burglary.

Watnick further asserts that his sentence was substantively unreasonable because it was based upon factual findings for which there was no evidence in the record. Properly construed, this argument challenges the procedural reasonableness of the sentence. *See Gall*, 552 U.S. at 51. Regardless of how it is characterized, however, Watnick fails to show that the purported findings affected the district court's decision to impose a 24-month sentence. The court explicitly found that he committed burglary while on supervised release. Accordingly, he fails to established plain error. *See Whitelaw*, 580 F.3d at 262-63.

Additionally, Watnick contends that the 24-month sentence was substantively unreasonable because it did not account for his need for drug treatment and instead sought to punish him for his drug use without providing notice that his drug problem would be a ground for revoking his supervised release. We find no error. The district court did not rely upon Watnick's drug abuse as a ground for revoking his supervised release, and the Sentencing Reform Act, 18 U.S.C. § 3582(a), "precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2385-86 (2011).

Finally, Watnick asserts that the alleged errors cumulatively amount to "clear error." He fails to show that the aggregation of any errors so fatally infected the proceeding as to violate its fundamental fairness. *See United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007).

AFFIRMED.